# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**CHARLES SMITH,**

                **Petitioner,**

      v.                              CASE NO. 19-3131-SAC

**UNITED STATES DISTRICT COURT,**

                **Respondent.**

## MEMORANDUM AND ORDER AND ORDER TO SHOW CAUSE

This matter is before the court on a petition for habeas corpus. Petitioner, a person confined at the Larned State Hospital, proceeds pro se and in forma pauperis. Petitioner has filed two motions to appoint counsel (Docs. 10 and 15), a motion for preliminary injunction and temporary restraining order (Doc. 17), and a motion for joinder (Doc. 18).

### Nature of the Petition

The petition, a single page typewritten document, states that on June 26, 2019, petitioner was forcibly administered medication after he refused it. He seeks "an absolute fresh start with no debt or record (clean slate)" and monetary damages.

### Discussion

The petition has several deficiencies. First, petitioner has failed to submit the petition on a court-approved form, as directed by the Court's order of October 18, 2019. Under the rules of the U.S. District Court for the District of Kansas, the use of official forms is required for filings made under 28 U.S.C. § 2241 and 28 U.S.C. § 2254. D. Kan. R. 9.1(a)(1).

Next, the petition does not name an appropriate respondent. The

proper respondent in a habeas corpus action is the person who has custody over the petitioner. 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 425, 435-42 (2004).

Third, petitioner seeks relief that is not available in habeas corpus. "A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997). While a petitioner may use a habeas corpus application to challenge the fact or duration of his civil commitment, petitioner's challenge to the forcible administration of medication is a challenge to the conditions of his confinement that should be presented in a civil rights action. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004)("constitutional claims that merely challenge the conditions of a prisoner's confinement fall outside of [the 'core' of habeas corpus]").

The Court takes notice that petitioner has filed a separate action under 42 U.S.C. § 1983 that appears to present the same facts and claims he presents in this action.[1] Accordingly, the Court will direct petitioner to show cause why the present matter should not be dismissed.

### Pending motions

As stated, petitioner has filed two motions for the appointment of counsel. There is no constitutional right to the appointment of counsel in a civil matter. *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). Rather, the decision whether to appoint counsel in a civil action lies

---

[1] In that action, Case No. 19-3139, *Smith v. Brown, et al.,* the Court has ordered a response and a report pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The party seeking the appointment of counsel has the burden to convince the court that the claims presented have sufficient merit to warrant the appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2016)(citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). Here, because the Court finds that the petition does not state a claim that may be advanced in habeas corpus, the motions are denied.

Petitioner's combined motion for a preliminary injunction and a temporary restraining order seeks injunctive relief from the forced administration of medication and from placement in segregation status without a hearing.[2] Because these claims concern petitioner's conditions of confinement and do not present a claim for habeas corpus relief, the motion is denied.

Petitioner's motion for joinder appears to seek the consolidation of this matter with his other pending lawsuits. Under Rule 42 of the Federal Rules of Civil Procedure, where actions before the Court involve a common question of law or fact, the court may join the matters for hearing or trial, consolidate them, or issue any appropriate orders to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a). Because petitioner does not present a claim for habeas corpus relief in this action, and because he is proceeding in a civil rights action that advances his claim concerning the forcible administration of medication, the Court concludes that consolidation would not serve the interests of justice.

---

[2] The caption reflects that petitioner has filed this motion in each of his pending lawsuits, including Case No. 19-3139.

**Order to Show Cause**

For the reasons set forth, the Court will direct petitioner to show cause why this matter should not be dismissed because it fails to state a claim cognizable in habeas corpus. Petitioner is granted to and including **January 13, 2020,** to show cause. The failure to file a timely response may result in the dismissal of this matter without additional notice.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is granted to and including **January 13, 2020,** to show cause why this habeas corpus action should not be dismissed.

IT IS FURTHER ORDERED petitioner's motions to appoint counsel (Docs. 10 and 15) are denied.

IT IS FURTHER ORDERED petitioner's combined motion for preliminary injunction and motion for temporary restraining order (Doc. 17) is denied.

IT IS FURTHER ORDERED petitioner's motion for joinder (Doc. 18) is construed as a motion for consolidation and is denied.

**IT IS SO ORDERED.**

DATED:  This 31st day of December, 2019, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge